UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MATTHEW CARTER,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF SOUTH DAKOTA,<br><br>Respondent. | 4:23-CV-04037-RAL<br><br>OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING PETITIONER'S MISCELLANEOUS MOTIONS |

Petitioner Matthew Carter filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Carter filed a motion to stay this habeas proceeding to permit him to exhaust his claims in state court. Doc. 4. Respondent, the State of South Dakota, moves to dismiss without prejudice Carter's petition for writ of habeas corpus because Carter has not exhausted his available state remedies. Doc. 16. Carter opposes Respondent's motion to dismiss and urges the Court to enter a stay and abeyance in accordance with Rhines v. Weber, 544 U.S. 269 (2005). Doc. 18. Carter has filed several motions seeking miscellaneous relief. See Docs. 3, 6, 7, 8, 14, 19, 21, 22, 26, 27, 28, 29, 30.

I. **Factual Background**

A grand jury in Yankton County returned a superseding indictment charging Carter with one count of Rape in the First Degree-Less than 13, in violation of SDCL § 22-22-1(1)). Doc. 17 at 5. A jury found Carter guilty, and the circuit court sentenced Carter to a term of imprisonment in the South Dakota State Penitentiary of forty-five years, with twenty-five years of the sentence suspended. Id. at 5–6. Carter appealed his judgment of conviction and sentence to the Supreme

Court of the State of South Dakota. Id. at 9. Carter's appeal remains pending before the South Dakota Supreme Court.[1] State of South Dakota v. Matthew Allan Carter, Case No. 30048.

## II. Respondent's Motion to Dismiss

Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies. 28 U.S.C. § 2254(b). Exhaustion requires giving the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before presenting the issues in a federal habeas petition. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). The exhaustion doctrine protects the state courts' role in enforcing federal law and prevents the disruption of state judicial proceedings. Rose v. Lundy, 455 U.S. 509, 518 (1982). The Supreme Court of the United States has stated:

> Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

Id. (internal quotations omitted). "A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993) (internal citation omitted). A petitioner has not exhausted state court remedies if he "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

---

[1] The South Dakota Supreme Court held oral argument on August 31, 2023, but the Supreme Court has not issued a decision. See S.D. Unified Judicial Sys., *Supreme Court*, https://ujs.sd.gov/Supreme_Court/CurrentTerm.

2

The record clearly establishes that Carter has not exhausted available state court remedies for his § 2254 claims and has not satisfied the exhaustion requirement of § 2254(b)(1)(A). A direct appeal of the criminal conviction at issue in his § 2254 petition remains pending. Further, under South Dakota law, when Carter's direct appeal is concluded, he has the right to file a state habeas petition. See SDCL § 21-27-3.1 (providing that an application for a writ of habeas corpus may be filed at any time except while a direct appeal from the conviction and sentence is pending).

In his opposition to Respondent's motion to dismiss, Carter contends that he has attempted to exhaust his state remedies and provides two letters to support his argument. Doc. 18. On March 16, 2023, a circuit court judge advised Carter that the judge had reviewed his application for writ of habeas corpus and that an application is not proper while his appeal in the underlying criminal case is pending. Doc. 18-1 at 1. On the same day, the Supreme Court of South Dakota returned to Carter documents he attempted to file without being in proper statutory form to invoke that court's appellate jurisdiction. Id. at 2. Notably, both of these letters were sent after Carter filed a notice of appeal to the South Dakota Supreme Court appealing his conviction and sentence. Further, it appears to this Court that Carter filed with the South Dakota Supreme Court and the Yankton Couty Clerk of Court the same or nearly identical document that he filed in this Court on March 15, 2023. Doc. 1. Carter's initial petition, which was not on a form prescribed by the District of South Dakota, includes the case numbers for the Yankton County criminal action and for his appeal to the South Dakota Supreme Court. See Doc. 1; see also Doc. 18-1 at 1 ("You have numerous captions that include federal court and the South Dakota Supreme Court. If you intended those to be filed in the respective court, you should refile there."). Filing a petition for writ of habeas corpus in state court and in the South Dakota Supreme Court simultaneously with his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 does not constitute exhaustion of

state remedies. Because Carter has not exhausted his available state remedies, Respondent's motion to dismiss, Doc. 16, is granted, and Carter's § 2254 petition is dismissed without prejudice to refiling once he exhausts his state court remedies.[2]

### III.   Carter's Motion to Stay

Carter moves for a stay of these proceedings to permit him to exhaust his state remedies. Doc. 4. Carter also opposed Respondents' motion to dismiss based on the "stay and abeyance" procedure the United States Supreme Court recognized in Rhines v. Weber, 544 U.S. 269 (2005). Doc. 18 at 2–5. The stay and abeyance procedure the Supreme Court recognized in Rhines applies to "mixed" petitions, which are habeas petitions presented to federal district courts which contain both claims exhausted at the state level and claims not exhausted at the state level. 544 U.S. at 271, 277. Carter's § 2254 petition is not a mixed petition; it contains no claims that have been exhausted at the state court level. "[W]here a petitioner has failed to exhaust state court remedies for *all* of his claims, the federal court must dismiss the petition without prejudice because the use of the 'stay and abeyance' procedure for certain 'mixed' federal habeas petitions is inapplicable." Banks v. Johnson, 2008 WL 2566954, at *2, 2008 U.S. Dist. LEXIS 48992, at *6 (E.D. Va. June 26, 2008) (collecting cases). Carter's petition contains no exhausted claims for the Court to stay. Thus, Carter's motion to stay, Doc. 4, and motion to dismiss Respondent's motion to dismiss, Doc. 18, are denied.

---

[2] The captions on Respondent's motion to dismiss and supporting memorandum indicate that this action is pending in the Western Division of the District of South Dakota. Docs. 16, 17. Carter filed his petition in the Southern Division and moves to reject or set aside the pleadings because the caption is incorrect. Doc. 19. Respondent's pleadings included the correct civil case number. Thus, despite the clerical error in the caption, the pleadings were correctly filed, and this clerical error has not prejudiced Carter. Carter's motion to reject the State's motions entirely, Doc. 19, is denied.

4

IV.  **Carter's Miscellaneous Motions**

   A.  **Motions Seeking Dismissal of the Criminal Charges in 66CRI21-000016.**

Along with his habeas petition, Carter filed a motion requesting that this court order a mistrial and acquittal in his Yankton County criminal proceeding, 66CRI21-000016, which is currently pending on appeal to the Supreme Court of South Dakota. Doc. 3. Carter also has filed a motion requesting that this Court dismiss with prejudice the state criminal case and compel the state of South Dakota to release him from the penitentiary. Doc. 29. This Court has no authority to order a mistrial or acquittal in a state court criminal proceeding. Similarly, this Court has no authority to order dismissal of state criminal cases or charges. Carter's motions seeking dismissal of the criminal charges in 66CRI21-000016, Docs. 3, 29, are denied.

   B.  **Motion to Preserve "Biological Evidence"**

Carter seeks an order, pursuant to 18 U.S.C. § 3600A, requiring Child's Voice, the South Dakota Department of Health and another other entity to present all "biological evidence[.]" Doc. 6. Pursuant to 18 U.S.C. § 3600A, "the Government shall preserve biological evidence that was secured in the investigation or prosecution of a Federal offense, if a defendant is sentenced to imprisonment for such offense." The biological evidence Carter seeks to preserve was not secured in the investigation or prosecution of a Federal offense. Further, even if 18 U.S.C. § 3600A were applicable, no court order is required to trigger the Government's duty to preserve. Carter's motion to preserve biological evidence, Doc. 6, is denied.

   C.  **Motions Related to the Merits of Carter's § 2254 Claims**

Carter has filed motions that relate to the merits of his § 2254 claims. See Doc. 7 (motion attacking perjured testimony); Doc. 8 (motion to suppress prejudicial evidence prior to the indictment); Docs. 22, 30 (motions preserving rights and providing authorities and arguments in

5

support of his § 2254 claims); Doc. 27 (motion to compel). Because this Court is dismissing Carter's § 2254 petition without prejudice for failure to exhaust, Carter's motions related to the merits of his § 2254 are moot and denied without prejudice.

### D. Motion for Appointment of Counsel

Carter moves for appointment of counsel. Doc. 14. Because this Court is dismissing Carter's § 2254 petition without prejudice for failure to exhaust, Carter's motion for appointment of counsel is moot and denied without prejudice.

### E. Motion for Relief from Judgment under Rule 60

Carter has filed a motion seeking relief under Federal Rule of Civil Procedure 60(a), (b), and (d). Doc. 21. Rule 60 permits a federal district court to grant relief from a judgment or order entered by the federal district court. Rule 60 does not permit a federal district court to grant relief from a judgment or order entered by a state court. Carter's Rule 60 motion for relief from judgment, Doc. 21, is denied.

### F. Motion for Return of Property Pursuant to Rule 41(g)

Carter requests, pursuant to Rule 41(g), that this Court order the return of property he alleges was seized illegally during an unlawful arrest on December 31, 2020. Doc. 26. Federal Rule of Criminal Procedure 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property . . . may move for the property's return. The motion must be filed in the district where the property was seized." The Federal Rules of Criminal Procedure "govern the procedure in all criminal proceedings in the United States district courts[.]" Fed. R. Crim. P. 1. A habeas corpus action under 28 U.S.C. § 2254 is a civil case and is not a criminal proceeding even though it arises out of a state-court criminal conviction. Federal Rule of Criminal Procedure 41(g) is not

applicable, and this Court has no authority or jurisdiction in this matter to grant the relief Carter requests. Carter's motion for return of property, Doc. 26, is denied.

### G. Motion to Nullify

Carter seeks an order from this Court declaring that he is exempt from paying fees for court-appointed attorneys pursuant to SDCL § 27A-12-3.17 because he is mentally ill. Doc. 28. In support of his motion, Carter provided copies of invoices he received from the Yankton County Treasurer for legal services provided to Carter in state criminal proceedings. Doc. 28-1 at 4–7. This Court has no authority is this habeas proceeding to consider whether Carter is exempt under South Dakota law from paying fees for court-appointed attorneys in state criminal proceedings. Carter's motion to nullify, Doc. 28, is denied.

## V. Certificate of Appealability

"[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition." Miller-El v. Cockrell, 537 U.S. 322, 335 (2003) (citing 28 U.S.C. § 2253). "Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a [certificate of appealability] from a circuit justice or judge." Id. at 335–36. A certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" demonstrates that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This Court finds that Carter has not made a substantial showing that his constitutional rights were denied because his claims have not been exhausted in state court. Thus, no certificate of appealability will issue. See 28 U.S.C. § 2253(c)(2).

## VI. Conclusion

For the reasons stated above, it is hereby ORDERED:

1. That Respondent's motion to dismiss, Doc. 16, is granted and Carter's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed without prejudice. Carter may re-file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he fully exhausts his state remedies.

2. That Carter's motion to reject the State's motions entirely, Doc. 19, is denied.

3. That Carter's motion to stay, Doc. 4, and motion to dismiss Respondent's motion to dismiss, Doc. 18, are denied.

4. That Carter's motion seeking dismissal of the criminal charges in 66CRI21-000016, Docs. 3, 29, are denied.

5. That Carter's motion to preserve biological evidence, Doc. 6, is denied.

6. That Carter's motion attacking perjured testimony, Doc. 7, motion to suppress prejudicial evidence prior to the indictment, Doc. 8, motions preserving rights, Docs. 22, 30, and motion to compel, Doc. 27, are denied as moot.

7. That Carter's motion for appointment of counsel, Doc. 14, is denied as moot.

8. That Carter's Rule 60 motion for relief from judgment, Doc. 21, is denied.

9. That Carter's motion for return of property, Doc. 26, is denied.

10. That Carter's motion to nullify, Doc. 28, is denied.

11. That based upon the reasons stated herein and under Fed. R. App. P. 22(b), the Court finds that Carter has not made a substantial showing of the denial of a constitutional

right.  28 U.S.C. § 2253(c)(2).  Thus, a certificate of appealability is denied.

DATED November 13th, 2023.

                                              BY THE COURT:

                                              ROBERTO A. LANGE
                                              CHIEF JUDGE